IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| OPPORTUNITIES DEVELOPMENT GROUP, LLC, <br>     Plaintiff, <br><br> v. <br><br> BENJAMIN LEE ANDRUSS, <br>     Defendant. | Case No. 1:14-cv-62 |

## ORDER

On September 18, 2015, plaintiff in this state law conversion, fraud, breach of fiduciary duty, and unjust enrichment action appeared for a final pretrial conference. Defendant, proceeding *pro se*, did not appear. Plaintiff advised the Court that defendant had completely failed to participate in discovery and, as a result, plaintiff intended to move for the imposition of a default judgment as a sanction. Having received plaintiff's motion for sanctions and following a hearing, on March 3, 2015 the United States Magistrate Judge issued a Report and Recommendation that plaintiff's motion for sanctions be granted in part and denied in part. (Doc. 51). The Magistrate Judge recommended that plaintiff be awarded a default judgment in the amount of $341,436.61 in compensatory damages plus the reasonable attorney's fees and costs associated with plaintiff's unsuccessful efforts to pursue discovery from defendant. The Magistrate Judge instructed plaintiff to file an affidavit detailing the reasonable fees and costs incurred in seeking discovery, which plaintiff did on March 13, 2015. Plaintiff's affidavit states that plaintiff incurred $5,000 in legal fees in pursuit of discovery, but did not include a breakdown of the time expended. (Doc. 53).

1

Soon after the Report and Recommendation issued, on March 17, 2015, defendant, *pro se* through his sister, filed a response to the Report and Recommendation and a motion to vacate the imposition of sanctions. (Docs. 54, 55). Defendant represented that he is currently incarcerated in Arlington County, Virginia on a felony DWI conviction. Deft.'s Response to Report and Recommendation ("Deft.'s Response") (Doc. 54). He objects to the imposition of sanctions on the ground that he cannot mount a defense due to his incarceration.[1] *Id.* ("[T]he Defendant believes the courts' award is voidable given the Defendant is under disability of incarceration.").[2]

I.

A brief recitation of the proceedings in this litigation provides useful context for consideration of the March 3, 2015 Report and Recommendation. On January 22, 2014, plaintiff filed its Complaint alleging conversion, fraud, breach of fiduciary duty, defalcation while acting in a fiduciary capacity, and unjust enrichment. (Doc. 1). Defendant executed a waiver of service

---

[1] Defendant also implies that plaintiff is somehow responsible for defendant's incarceration because plaintiff "inject[ed] its' [sic] civil case at the Defendant's unrelated DWI sentencing hearing" and thereby "poison[ed] the well." It appears that the prosecutor in defendant's case requested that the CEO of Opportunities Development Group, LLC, Nancye Miller, appear at defendant's sentencing, but that Ms. Miller was never called. In any case, plaintiff's participation in defendant's unrelated criminal case is completely irrelevant to the question presented here, namely, whether plaintiff is entitled to a default judgment by reason of defendant's failure to participate adequately in the litigation of this matter since its filing in January 2014 through the end of discovery in September 2014.

[2] In Virginia, a civil defendant who is incarcerated for a felony may be considered a "person under a disability" who is then entitled to the appointment of a guardian ad litem. *See* Va. Code § 8.01-9. There is no similar procedural rule in the federal system. *See Buchanan County, Va. v. Blakenship*, 406 F. Supp. 2d 642, 645 (W.D. Va. 2005). It appears that defendant's current incarceration has not hindered his ability to note objections to the magistrate judge's Report and Recommendation as he had his sister, who is his power of attorney, file his response. Furthermore, his present incarceration is entirely irrelevant to his previous failure to mount a defense or engage in discovery in this suit. As noted below, defendant appeared at the hearing on plaintiff's motion for the sanction of a default judgment and thus had an opportunity to address plaintiff's arguments and produce any documents on the matter then.

on February 14, 2014. (Doc. 4). On April 8, 2014, defendant filed a motion for an extension of time to file his Answer. (Doc. 5). This motion was granted in part and defendant was directed to file his answer by May 7, 2014. Discovery commenced on April 23, 2015 pursuant to a scheduling order that set the discovery cutoff for September 12, 2014. (Doc. 9).

An initial pretrial conference was held on May 14, 2014 at which plaintiff and the *pro se* defendant appeared. The parties had developed a joint discovery plan, (Doc. 19), but defendant had still not filed an answer or responsive pleading. Accordingly, on May 20, 2014, plaintiff filed its first Request for Entry of Default and Motion for Default Judgment. (Docs. 15, 16). The Clerk entered default and a hearing was held on plaintiff's motion for a default judgment on June 13, 2014. Defendant failed to appear. On June 30, 2014, defendant finally filed his Answer as well as a request to dismiss plaintiff's motion for default. (Docs. 24, 25). Following a hearing on July 11, 2014, at which plaintiff and *pro se* defendant both appeared, plaintiff's request for a default judgment was denied and the Clerk's entry of default was vacated.

On the eve of the September 12, 2014 discovery cutoff, defendant emailed plaintiff's counsel and stated: "I am still working on my response to the interrogatories, which I will take me [sic] another week to complete. I hope this is acceptable. My sincere apologies for this unforeseen delay." Deft.'s Response, Ex. B (Doc. 54-2). Plaintiff responded and agreed to accept defendants' responses on September 15, 2014 but no later. *Id.* Defendant has yet to file any responses to interrogatories and, according to plaintiff's representation, has not provided or taken any other discovery.

As already noted, defendant failed to appear at the September 18, 2014 final pretrial conference. On September 30, 2015, plaintiff filed the instant motion for sanctions. (Doc. 36). On October 17, 2014, defendant filed a motion requesting the Court to order mediation and on

3

October 30, 2014, defendant filed a response to plaintiff's motion for sanctions. (Docs. 39, 43). Defendant stated that he had "repeatedly engaged the Plaintiff to discuss settlement" to no avail. Deft.'s Response to Request for Sanctions (Doc. 43). The motion for mediation was denied on October 31, 2015 and, after an Order requesting additional information from plaintiff, the magistrate judge issued his Report and Recommendation on March 3, 2015.

II.

The objections raised in defendant's response to the March 3, 2015 Report and Recommendation appear to be (i) that defendant is currently incarcerated and unable to defend the suit; (ii) that defendant has been unable to obtain legal representation; and (iii) that plaintiff is guilty of various conflicts and improprieties that appear to be unrelated to the claims in issue here. These objections will be considered in turn.

First, the recitation of the facts in this Order demonstrates that defendant's current incarceration has nothing to do with his lack of responsiveness during the nearly year-long course of this litigation. Defendant makes no allegation that he was incarcerated or otherwise disabled from litigating during the discovery period from April to September. The public records of the Arlington Circuit Court in which defendant was tried and sentenced for the offense for which he is currently incarcerated shows that he was not sentenced until February 20, 2015—a full 161 days after the close of discovery. In the weeks after the final pretrial conference at which defendant failed to appear, defendant evidently had the time and wherewithal to file a response to plaintiff's motion for sanctions and a misguided motion to mediate but nevertheless was incapable of providing plaintiff with any discovery. In short, defendant's lament that his current incarceration has made it impossible for him to mount a defense or otherwise participate in the litigation of this case is farfetched and unconvincing.

Second, defendant appears to argue that he was unable to defend this action or engage in discovery because of difficulties finding an attorney to represent him in this action or someone to bankroll his defense. Nevertheless, defendant does not—and cannot—contend that he was *incapable* of complying with Court deadlines and plaintiff's discovery requests absent representation. Defendant is not required or entitled to have representation in a civil matter such as this. Although parties proceeding *pro se*, as non-lawyers, are given some leeway in litigating a case, defendant's *pro se* status does not forgive his utter failure to comply with deadlines and to engage meaningfully in discovery.

Finally, the remainder of defendant's response to the Report and Recommendation consists of unsubstantiated allegations that plaintiff has "a history of employee employment and compensation disputes," that plaintiff has in the past failed to file tax returns, and that plaintiff's CEO made inappropriate payments to family members from the corporate account. Deft.'s Response at 3 (Doc. 54). None of these allegations explain or justify the conduct that led to the magistrate's recommendation of sanctions in this case. Furthermore, none of these allegations undermines the magistrate judge's conclusion that plaintiff successfully stated a claim that defendant converted $341,436.61 in funds belonging to plaintiff. The record reflects that the elements of conversion are clearly and convincingly established. None of defendant's objections address this. Accordingly, the Report and Recommendation must be adopted as proposed.

III.

In addition to $341,436.61 in compensatory damages for conversion, the magistrate judge recommended an award of plaintiff's reasonable attorney's fees and costs incurred in seeking discovery from defendant. As directed, plaintiff submitted an affidavit in support of attorney's fees stating that plaintiff's counsel, and his associates and paralegals, expended $5,000 worth of

5

legal services in seeking discovery from defendant. Affidavit (Doc. 53). The affidavit does not, however, provide in any detail how this attorney and paralegal time was spent. Therefore, the Court is unable to reach a determination as to whether the time spent was reasonable. Accordingly, plaintiff has not provided sufficient information to justify an award of attorney's fees.

IV.

Accordingly, upon consideration of the March 3, 2015 Report and Recommendation of the United States Magistrate Judge, and upon an independent *de novo* review of the record,

It is hereby **ORDERED** that the Court **ADOPTS** as its own the findings of fact and recommendation of the United States Magistrate Judge, as set forth in the March 3, 2015 Report and Recommendation, except with respect to an award of attorney's fees and costs.

It is further **ORDERED** that plaintiff's motion for sanctions (Doc. 36) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's motion is granted as to the entry of a default judgment against defendant as a sanction. The motion is denied as to plaintiff's alternative sanction request to strike defendant's Answer, bar any defenses, and order a presumption that honest responses to plaintiff's unanswered discovery would support plaintiff's claims.

It is further **ORDERED** that defendant's motion to vacate (Doc. 55) is **DENIED**.

It is further **ORDERED** that judgment is **ENTERED** by default in favor of plaintiff and against defendant in the amount of $341,436.61.

The Clerk is **DIRECTED** to enter judgment pursuant to Rule 58, Fed. R. Civ. P. and to place this matter among the ended causes.

The Clerk is further **DIRECTED** to send a certified copy of this Judgment Order to defendant and all counsel of record.

This is a Final Order for purposes of appeal. To appeal, defendant must file a written notice of appeal with the Clerk's Office within thirty (30) days after entry of this Order, pursuant to Rules 3 and 4, Fed. R. App. P. A written notice of appeal is a short statement stating a desire to appeal and noting the date of the Order defendant wishes to appeal. Defendant need not explain the grounds for appeal until so directed by the court.

Alexandria, Virginia
April 30, 2015

/s/
T. S. Ellis, III
United States District Judge